UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN MARIE SCHREIBER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24 CV 1587 JMB |
| HART NELSON, MARIE PETERS, and ST. LOUIS COMMUNITY COLLEGE, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Hart Nelson's and Marie Peter's Motion to Dismiss Count I (Doc. 10). For the reasons set forth below, the Motion is **GRANTED**.

**I.     Background**

Plaintiff Ann Marie Schreiber's First Amended Complaint (Doc. 1-3, pp. 190-209) alleges claims related to her employment with the St. Louis Community College (STLCC) as a coordinator for disability support services. Plaintiff generally alleges that she was employed in 2005 but her employment was terminated in 2022 in retaliation for engaging "in activities which were protected under the A[mericans with] D[isabilities] A[ct] related to Defendant STLCC's systemic discrimination against students with disabilities" (Doc. 1-3, p. 192). In Count I, Plaintiff alleges that her employment was terminated in violation of Missouri's public employee whistleblower statute, MO. REV. STAT. § 105.055; Count II alleges breach of contract related to Plaintiff's alleged employment contract; Count III alleges retaliation in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.; and, Count IV alleges similar claims pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

Defendants' motion to dismiss concerns Count I only, which is alleged against all three Defendants. In this claim, Plaintiff states that beginning in December 2021, she reported to Defendant Peters, her immediate supervisor, that STLCC was not complying with the ADA in its services to students. Peters subsequently directed Plaintiff to cease making such reports or giving students access to disability service programming information. Later, in February, 2022, after Plaintiff submitted a necessary report on the lack of disability services, she was criticized and admonished by Peters. A month later, Plaintiff was disciplined for reporting concerns about the exclusion of disabled students from programming to the Missouri Department of Elementary and Secondary Education. A week after that discipline, Plaintiff was informed by Defendant Nelson, STLCC's Chief Operating Officer, that the program Plaintiff coordinated would be defunded, which effectively terminated funding for Plaintiff's employment, as of June, 2022. Thereafter, STLCC failed to investigate Plaintiff's complaints of discrimination made in May, 2022. And, when Plaintiff was offered an employment contract by STLCC for fiscal year 2023 (which began in July, 2022), which she accepted, the contract was revoked and she was forcibly removed from campus. Plaintiff alleges that these actions violated Missouri's whistleblower protections.

In her complaint, Plaintiff states that Nelson and Peters are adult individuals who are citizens of Missouri and that STLCC is a "public entity" and part of a political subdivision of Missouri (Doc. 1-3, pp 190-191). Plaintiff identifies STLCC as her employer and that Nelson and Peters are STLCC's "agents and employees" (Doc. 1-3, p. 192).

**II.     Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**III.     Discussion**

Missouri's whistleblower statute for public employees, as amended in 2018, provides that:

> No supervisor or appointing authority of any public employer shall prohibit any employee of the public employer from discussing the operations of the public employer, either specifically or generally, with any member of the legislature, state auditor, attorney general, a prosecuting or circuit attorney, a law enforcement agency, news media, the public, or any state official or body charged with investigating any alleged misconduct described in this section.

Mo. Rev. Stat. § 105.055.2. The Act further prohibits such supervisors from taking disciplinary actions against an employee for such disclosure, among other things. Id. § 105.055.3; See Collins v. Kansas City Missouri Public School District, 92 F.4th 770, 774-775 (8th Cir. 2024). If a public employee believes that disciplinary action was taken in violation of the Act, she may file an

administrative appeal with an administrative hearing commission. Id. § 105.055.5. "In addition to the remedies in subsection 5 of this section, or any other remedies provided by law, a person who alleges a violation of this section may bring a civil action against the public employer for damages within one year after the occurrence of the alleged violation." Id. § 105.055.7.1. As defined by the Act, a "public employee" is "any employee, volunteer, intern, or other individual performing work or services for a public employer"; and a "public employer" is "any state agency or office, the general assembly, any legislative or governing body of the state, any unit or political subdivision of the state, or any other instrumentality of the state." Id. §105.055(1)(2-3).

When interpreting state statutes, this Court applies Missouri's rules of statutory construction. Behlmann v. Century Sur. Co., 794 F.3d 960, 963 (8th Cir. 2015); see also Arkansas Times LP v. Waldrip as Trustee of University of Arkansas Board of Trustees, 37 F.4th 1386, 1392-1393 (8th Cir. 2022).

> In Missouri, the 'primary rule of statutory interpretation is to give effect to the General Assembly's intent as reflected in the plain language of the statute at issue. This Court looks to canons of statutory interpretation only when the meaning of a statute is ambiguous or would lead to an illogical result that defeats the purpose of the legislation. This Court interprets statutes in a way that is not hyper-technical, but instead, is reasonable and logical and give meaning to the statute.'

Behlmann, 794 F.3d at 963 (quoting Ben Hur Steel Worx, LLC v. Dir. of Revenue, 452 S.W.3d 624, 626 (Mo. 2015)). Thus, "[i]t is a basic rule of statutory construction that words should be given their plain and ordinary meaning whenever possible. Courts look elsewhere for interpretation only when the meaning is ambiguous or would lead to an illogical result defeating the purpose of the legislature." Spradlin v. City of Fulton, 982 S.W.2d 255, 258 (Mo. 1998) (quotation marks and citation omitted). The statute at issue here is not ambiguous and when the words contained therein are given their defined meaning, it is clear that Plaintiff may only file suit pursuant to the statute against STLCC, her employer. See Lisle v. Meyer Electric Co., Inc., 667

S.W.3d 100, 104 (Mo. 2023) ("When a statute defines a word used in a statute, the statutory definition of that word must be employed in determining the statute's meaning.").

The whistleblower statute states that a public employee may file a civil suit against "the public employer" for damages to vindicate her rights. A "public employer" is defined as "any state agency or office, the general assembly, any legislative or governing body of the state, any unit or political subdivision of the state, or any other instrumentality of the state." There is no dispute that the definition describes STLCC, an instrumentality of the state. The definition does not describe individuals. As such, Plaintiff's claim in Count I can only be against her employer and not her individual supervisors as set forth by the plain text of the statute.

Plaintiff nonetheless offers a variety of arguments why the Court should ignore the plain text of the statute in favor of an expansive view of "public employer." Such arguments are unavailing. First, the statute does not "expressly and plainly impose[ ] personal liability upon individuals" (Doc. 13, p. 5). Instead, the statute prohibits certain adverse employment actions, which can only be committed by individuals, and imposes liability on the employer for those actions. Second, Plaintiff's attempt to apply statutory canons to interpret the meaning of the statute only applies when a statute is ambiguous, which, as stated above, it is not. The plain text and provided definitions are fatal to Plaintiff's claim that she can assert liability on the individual Defendants. Third, Plaintiff's reliance on Hudson v. O'Brien, 449 S.W.3d 87 (Mo. App. Ct. 2014) and Hopkins v. Saunders, 93 F.3d 522 (8th Cir. 1996), is misplaced because both cases relied on a prior version of the statute at issue. In particular, prior iterations of the statute did not include the phrase "against the public employer" in § 105.055.7.1. See 2018 Mo. Legis. Serv. S.B. 1007, 72 (West). Finally, Defendants' reliance on Johnson v. City of Leadington, 2020 WL 6117944 (E.D. Mo. 2020) and Mucci v. St. Francois Cnty. Ambulance Dist., 2019 WL 6170721 (E.D. Mo.

2019) is not misplaced.  In both cases, the district court found that the plaintiffs' claims against individual defendants pursuant to §105.055 fail as a matter of law pursuant to the plain terms of the statute.  While these district court cases are not of precedential authority, the conclusion that the statute only permits suit against an employer is certainly persuasive and sound.  Plaintiff's remaining arguments are likewise without merit.

**IV.     Conclusion**

For the foregoing reasons, Defendants Hart Nelson's and Marie Peter's Motion to Dismiss Count I (Doc. 10) is **GRANTED**.  Count I as to Defendants Nelson and Peters, only, is hereby **dismissed** for failure to state a claim.  Count I remains pending as to STLCC.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of January, 2025