UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANN MARIE SCHREIBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24 CV 1587 JMB |
| | ) | |
| ST. LOUIS COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Now pending before the Court is Defendant St. Louis Community College's Motion to Compel (Doc. 37). For the reasons set forth below, the Motion is **GRANTED**.

## I.    Background

On August 21, 2025, Defendant's counsel, Mr. Jason S. Retter, contacted chambers and indicated there was a discovery dispute: that Plaintiff, Ann Marie Schreiber, wholly failed to respond to written discovery propounded on May 21, 2025. Defendant requested a discovery dispute conference as required by the Case Management Order (Doc. 21) and the undersigned's case management procedures and it was set for August 27, 2025 (Doc. 35). In a signed statement related to that request, Defendant noted that the parties had conferred about the responses on at least two occasions (August 6 and 22) but that despite representing that the responses would be forthcoming, no such responses were served. In a statement in response, Plaintiff stated that the parties had agreed that she would serve responses by September 5, 2025 (Doc. 37-3). Because it appeared that the parties had resolved their dispute, the conference was cancelled (Doc. 36).

On September 5, 2025, Plaintiff did not respond to the outstanding discovery requests. Instead, Plaintiff's counsel, Edward J. Rowles, attempted to contact Mr. Retter and request an

extension until September 9, 2025. However, Mr. Rolwes was unable to reach Mr. Retter and secure an agreement to Plaintiff's request.[1]

Plaintiff issued a signed certificate of service on September 9, 2025 stating that she served her discovery responses on that date to Mr. Retter's e-mail address (Doc. 39-1). While Plaintiff indeed served her responses to requests to produce on that date, she did not in fact serve her responses to interrogatories on that date.

Defendant filed its Motion to Compel on September 8, 2025, requesting, in part, leave to file the motion instead of seeking another informal conference. Plaintiff responded (Doc. 39) to which Defendant replied (Doc. 41). Plaintiff then filed an "amended" response on September 15, 2025 (Doc. 43).

## II.    Standard

Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A) provide that answers to interrogatories and requests to produce must be served within 30 days of service of those requests. Both Rules permit a longer response time pursuant to a Court Order or a stipulation made pursuant to Rule 29. Defendant served discovery requests on May 21, 2025. The responses were due on June 20, 2025. No responses were timely served.

Rule 37(a) permits the filing of a motion to compel discovery responses. Such a motion must "include a certification that the movant has in good faith conferred or attempted to confer

---

[1] While the details of Mr. Rolwes attempts are not relevant, they are given for context. Mr. Rolwes made four phone calls and sent two text messages (most of which were to Mr. Retter's personal phone number). Three calls were on September 5 (a Friday) at 4:43 p.m., 4:52 p.m., and 7:37 p.m. and one call was on September 8 (a Monday) at 4:58 p.m. – all to Mr. Retter's personal phone. Mr. Rolwes also sent text messages to Mr. Retter's personal phone on September 5 after the latter two phone calls on that date. Mr. Rolwes represents that he contacted Mr. Retter in that manner based on instructions on Mr. Retter's work voicemail greeting for "urgent matters." There is no indication that Mr. Rolwes left a voicemail for Mr. Retter on his work number or that he left a message on Mr. Retter's work email or physical work address. Mr. Retter represents that his voicemail message does not direct any person to send a text message to his personal phone number.

with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[2]  In addition:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A).  This Court enjoys broad discretion in considering Rule 37 motions. United States v. Big D. Enterprises, Inc., 184 F.3d 924, 936 (8th Cir. 1999); Robinson v. Potter, 453 F.3d 990, 994-5 (8th Cir. 2006) (Discovery matters are committed to the discretion of the district court and reviewed for a "gross abuse of discretion.").

## III.    Discussion

Defendant followed this Court's procedures in seeking an informal discovery dispute conference in order to resolve the issue of Plaintiff's failure to timely respond to discovery.  That attempt resulted in a September 5, 2025 deadline by which Plaintiff represented she would respond to discovery.  As such, this Court finds that Defendant complied with this Court's discovery dispute procedures and appropriately filed a motion to compel when Plaintiff failed to comply with the agreement.

Plaintiff is in violation of Rules 33 and 34 because she initially failed to timely respond to the discovery requests.  The parties may modify the deadlines contained in those Rules pursuant to Rule 29, as they did when they agreed to a September 5 deadline.  However, Plaintiff mistakenly argues that because he *attempted* to modify the deadline again, Defendant somehow was obligated to accept the new deadline she picked.  No rule of civil procedure supports such a contention.

---

[2] The Court finds that Defendant's one-page statement of the discovery dispute is a sufficient certification that the parties attempted to confer prior to seeking Court intervention.

Plaintiff's attempts to contact Mr. Retter on his private phone number at the eleventh hour is not an excuse for failing to comply with the parties' agreement or the Federal Rules of Civil Procedure.

As such, to the extent that Plaintiff has withheld any responses to the interrogatories or requests to produce because of an objection, Plaintiff shall be directed to respond in full without objection.  In addition, Plaintiff shall be required to show cause why this Court should not award attorney fees and expenses to Defendant.

While this conclusion would normally end this matter, the Court finds Mr. Rolwes conduct troubling.  First, Mr. Rolwes erred in publishing Mr. Retter's personal phone number in the public docket.  While the Court does not find that Mr. Rolwes acted nefariously, it was certainly a lapse in judgment.  Second, Mr. Rolwes misstates when he served discovery responses in his response (Doc. 39, p. 1) and in his certificate of service (Doc. 39-1) because he failed to actually serve his responses to interrogatories.  Third, Plaintiff requests that Defendant's motion be stricken, a remedy that is reserved for "dilatory and harassing tactic[s]," which are not apparent or even remotely applicable to Defendant's conduct.  See, e.g., Donelson v. Ameriprise Financial Services, Inc., 999 F.3d 1080, 1091-92 (8th Cir. 2021).  Fourth, Plaintiff states that she "acted in complete good faith" but it is difficult to reach the same conclusion given Plaintiff's failure to follow the Federal Rules, failure to abide by an agreement with Defendant, and failure to even abide by her own unilateral deadline.  Fifth, *Plaintiff's* request for attorney fees is patently ridiculous and requires no further comment.

Finally, Plaintiff's "Amended" response to the Motion to Compel is **STRICKEN**.  This document is merely a sur-reply for which Plaintiff should have sought permission to file pursuant to Local Rule 4.01(C).

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion to Compel (Doc. 37) is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff shall serve supplemental responses to Defendant's written discovery, in full and without objection, within five (5) days of the date of this Order.  Plaintiff shall file a notification with the Clerk of compliance on the day of service. Failure to do so may result in sanctions.

**IT IS FURTHER ORDERED** that Defendant shall file a memorandum/affidavit in support of attorney fees and expenses in relation to this Motion to Compel within fourteen (14) days of the date of this Order.  Within fourteen (14) days of service of the memorandum/affidavit, Plaintiff shall show cause why Defendant should not be awarded its fees and expenses.  Defendant shall respond within seven (7) days of service.  No reply brief shall be filed unless ordered by the Court.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2025